AUSA TA

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
Southern District of Ohio

| | | |
|---|---|---|
| United States of America<br>v.<br>**JAMES VARNER** | )<br>)<br>)<br>)<br>)<br>) | Case No. ꓷ:ᴁ6·ᴍᴊ·33ᴸ |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of ___9/16/2017 through 4/28/2022___ in the county of ___Belmont___ in the

___Southern___ District of ___Ohio___ , the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 29 U.S.C. § 501(c) | Embezzlement |

This criminal complaint is based on these facts:

See attached affidavit.

☐ Continued on the attached sheet.

*Laureen Boger*
*Complainant's signature*

Laureen Boger, Senior Investigator
*Printed name and title*

Sworn to before me and signed in my presence.

Date: ___06/04/2026___

*Judge's signature*

City and state: ___Columbus, OH___

Norah McCann King, U.S. Magistrate Judge
*Printed name and title*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**In the matter of:**

|                              |   |           |
|------------------------------|---|-----------|
| **UNITED STATES OF AMERICA** | : |           |
| **v.**                       | : |           |
|                              | : | **Case No.:** |
| **JAMES VARNER**             | : |           |
|                              | : |           |
|                              | : |           |

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Lauren Boger, (hereinafter referred to as the Affiant) being duly sworn, depose and state:

## IDENTITY AND EXPERIENCE OF APPLICANT

1. I am a Senior Investigator with more than 20 years of experience as an Investigator with the U.S. Department of Labor, Office of Labor-Management Standards (OLMS). I am assigned to the OLMS office located in Cleveland, Ohio. I have successfully completed agency training and have conducted several criminal investigations.

## PURPOSE OF AFFIDAVIT

2. This Affidavit is made in support of an application to for a federal arrest warrant and criminal complaint against **JAMES VARNER,** who your affiant submits committed offenses in violation of Title 29 U.S.C. § 501(c), embezzlement.

3. In summary, from September 16, 2017 through April 28, 2022, Varner issued and negotiated fifty-one unauthorized union checks totaling $56,592.50 in violation of 29 U.S.C. § 501(c). In violation of the same statute, Varner embezzled $3,004.78 in cash

dues for a total embezzlement of $59,597.28. Varner accomplished his embezzlement of union checks by having other Local 1638 officers pre-sign blank checks under the pretense that they were for legitimate union purposes. He then wrote the checks to himself and cashed them.

4. The facts and information contained herein are based on my personal knowledge and experience, and that of other law enforcement personnel and reports. The information outlined below does not contain all details or all facts of which I am aware relating to this investigation but rather is provided for the limited purpose of establishing probable cause that **JAMES VARNER** committed these offenses.

## FACTS SUPPORTING PROBABLE CAUSE

5. James Varner was the Mine Workers Local 1638 Financial Secretary from June 2017 until his resignation in May 2022. Mine Workers Local 1638 is a labor organization that exists for the purpose of dealing with American Consolidated Natural Resources (ACNR) Inc., concerning the terms and conditions of employment. ACNR is engaged in an industry affecting commerce. From September 2017 through May 2022, former Mine Workers Local 1638 Financial Secretary James Varner embezzled fifty-one (51) union checks totaling $56,592.50. He also embezzled $3,004.78 in cash dues for a total embezzlement of $59,597.28.

6. When Varner was interviewed by OLMS, he admitted that he embezzled $59,597.28 of Local 1638 funds. He accomplished his embezzlement by issuing fifty-one unauthorized union checks to himself totaling $56,592.50 and by keeping $3,004.78 in cash dues he collected that he was supposed to deposit into the union's checking account.

7. Varner admitted to OLMS that he cashed the fifty-one embezzled checks at WesBanco, his personal bank, and kept cash for his own personal use. Cancelled check images show that the checks were made payable to Varner.  In instances where the bank provided both the front and the back of the cancelled check images instead of just the front, the backs of the checks were endorsed by Varner. Varner admitted to OLMS that he intentionally issued checks to himself and kept cash dues knowing that it was not authorized or approved.  He admitted that he was aware that the union would not have authorized or approved the checks if they had known he was the payee.  Varner admitted that he intentionally kept the $3,004.78 in cash dues knowing that his doing so was not authorized or approved.

*Laureen Boger*

Laureen Boger
Senior Investigator
U.S. Department of Labor

Subscribed and sworn to before me this 4th of June, 2026:

Norah McCann King
United States Magistrate Judge